Beverly Ann HOLLIS–ARRINGTON,
Plaintiff—Appellant,

v.

CENDANT MORTGAGE CORPORA-
TION; United Guaranty Insurance
Company, Erroneously Sued as United
Guaranty Residential Insurance Com-
pany, Defendants—Appellees.

Beverly Ann Hollis–Arrington,
Plaintiff—Appellant,

v.

Cendant Mortgage Corporation; et
al., Defendants—Appellees,

and

Harold Tennen; Ed Feldman,
Intervenors—Appellees.

Nos. 10–56649, 10–56651.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 9, 2012.

Beverly Ann Hollis–Arrington, West
Hills, CA, pro se.

Jan T. Chilton, Severson & Werson, San
Francisco, CA, Suzanne M. Hankins, Es-
quire, Severson and Werson, Irvine, CA,
Ronald K. Sittler, Esquire, Jeffrey S. Wru-
ble, Esquire, Buchalter Nemer PLC, Los
Angeles, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and
McKEOWN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Beverly
Ann Hollis–Arrington appeals pro se from
the district court's orders denying her mo-
tions to set aside the judgments in two
actions arising out of foreclosure proceed-
ings. We have jurisdiction under 28
U.S.C. § 1291. We review de novo the
district court's determination of jurisdic-
tion over a Fed.R.Civ.P. 60(b) motion,
*Scott v. Younger,* 739 F.2d 1464, 1466 (9th
Cir.1984), and for an abuse of discretion
the district court's denial of such a motion,
*Latshaw v. Trainer Wortham & Co.,* 452
F.3d 1097, 1100 (9th Cir.2006). We affirm.

To the extent that Hollis–Arrington's
Rule 60(b) motions to set aside the judg-
ments fall within Rule 60(b)(3), the district
court properly denied them as untimely
because Hollis–Arrington filed the motions
more than one year after the judgments
were entered. *See* Fed.R.Civ.P. 60(b)(3)
(allowing relief from judgment for "fraud
..., misrepresentation, or misconduct by
opposing party"); Fed.R.Civ.P. 60(c)(1)
(Rule 60(b)(3) motion must be made within
one year of entry of judgment); *Nevitt v.
United States,* 886 F.2d 1187, 1188 (9th
Cir.1989) (a district court lacks jurisdiction
to consider an untimely motion to set aside
a judgment).

To the extent that Hollis–Arrington's
motions fall within Rule 60(b)(6), the dis-
trict court did not abuse its discretion by
denying them because Hollis–Arrington
failed to establish extraordinary circum-
stances. *See Latshaw,* 452 F.3d at 1104
(while " 'fraud on the court' can sometimes
constitute extraordinary circumstances

---

* The panel unanimously concludes these cases
are suitable for decision without oral argu-
ment. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

meriting relief under Rule 60(b)(6)," such relief is construed narrowly).

Hollis–Arrington's remaining contentions, including those regarding Rule 60(b)(4), are unpersuasive.

Hollis–Arrington's request for judicial notice is granted.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.